UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Valerie McLendon,<br><br>Plaintiff,<br><br>vs.<br><br>Gurstel Law Firm,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR**<br><br>**JURY TRIAL** |

## PRELIMINARY STATEMENT

1) This is an action for damages brought by Plaintiff Valerie McLendon, individual consumers, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

## JURISDICTION

2) Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3) This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

4) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5) Plaintiff Valerie McLendon (hereinafter "McLendon" or "Plaintiff") is a natural person residing in the County of Dakota State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6) Defendant Gurstel Law Firm, (hereinafter "Gurstel" or "Defendant"), is a Debt Collection Law Firm, organized under the laws of Minnesota and is authorized to do business in Minnesota at an address of: 6681 Country Club Drive, Golden Valley, MN 55427.

7) Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8) Plaintiff allegedly incurred a financial obligation with National Collegiate Student Loan Trust 2005-1, a Delaware Statutory Trust, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9) The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10) Sometime before 2016, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant Gurstel Law Firm for collection from Plaintiffs.

11) Sometime in February 2016, Defendant served Plaintiff with a Summons & Complaint for an alleged debt (*See* Exhibit 1, National Collegiate Student Loan Trust Summons & Complaint).

12) On or about February 29, 2016, Plaintiffs' answered the National Collegiate Student Loan Trust Summons & Complaint and served it on Defendant Gurstel Law Firm. (*See* Exhibit 2, Plaintiffs' Answer to National Collegiate Student Loan Trust Summons & Complaint).

13) On or about February 2017, Plaintiff did not receive notice of a case filing and presumed the debt was no longer collectable.

14) On or about February 1, 2018, Plaintiff received a notice of motion and motion and memorandum of law for relief under Minnesota Rule of Civil Procedure 5.04 (*See* Exhibit 3, Defendants Notice of Motion and Memorandum of Law).

15) On or about February 20, 2018, Plaintiff received a notice of motion hearing from Defendant Gurstel Law Firm. (*See* Exhibit 4, Defendant's notice of motion hearing).

16) On or about February 23, 2018, Plaintiff's Counsel responded to Defendant Gurstel Law Firm and explained that it would be submitting a response to Defendants' Motion for relief. (*See* Exhibit 5, Attorney Blake Bauer's response to Defendant).

17) On or about April 23, 2018, arguments for the Notice of Relief hearing were heard at the Dakota County Courthouse.

18) On or about May 14, 2018, the parties were issued an order denying Defendants vacate of dismissal (*See* Exhibit 6, Judge Christopher J. Lehmann's order denying motion to vacate dismissal).

3

19) Defendant violated 15 U.S.C. § 1692e preface and e(10) because it used false, misleading and deceptive means in connection with the collection of Plaintiff's alleged debt when it attempted to collect a debt that was not collectable and had been dismissed.

20) Defendant violated 15 U.S.C. § 1692e(5) by threatening to take legal action against Plaintiff, when it attempted to collect on a debt that was dismissed under Minnesota Rule of Civil Procedure 5.04.

21) Plaintiff has incurred actual damages in the form anxiety, stress, feelings of hopelessness, restlessness and sleepless nights, as well as, other forms of emotional distress.

22) Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses, such as, attorney's fees, as a result of Defendant's acts and omissions.

## Respondeat Superior Liability

23) The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

24) The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

25) By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

26) Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

27) Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

28) Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

29) The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

30) As a result of said violations, Plaintiff has suffered actual damages in the form of anxiety, stress, feelings of hopelessness, restlessness and sleepless nights, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31) As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32) As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may deem just and proper.

Dated: 6-7-18

FIELDS LAW FIRM

By: _____
Blake R. Bauer
Attorneys for the Plaintiff
Attorney I.D. Nos.: 0396262
9999 Wayzata Blvd
Minnetonka, MN 55305
Telephone: 612-370-1511

6

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA       )
                         ) ss
COUNTY OF HENNEPIN       )

I, Valerie McLendon, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Valerie McLendon

Subscribed and sworn to before me this 4th day of June 2018.

_____
Notary Public

TREVOR JAMES BECKMAN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 1/31/2021